# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 7, 2007

131823 & (58)(59)(61)

JAMES J. CARTER,
         Plaintiff-Appellant,

v

ANN ARBOR CITY ATTORNEY,
         Defendant-Appellee.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131823
COA: 258282
Washtenaw CC: 04-000346-AW

On order of the Court, the motions for leave to file brief amicus curiae are GRANTED. The application for leave to appeal the June 27, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

The veterans' preference act states that "[i]n every public department and upon the public works of the state and of every county and municipal corporation thereof[,] honorably discharged veteran[s] . . . shall be *preferred* for appointment and employment." MCL 35.401 (emphasis added). However, to be "preferred," a veteran must possess "other requisite qualifications." *Id.* This Court has never fully considered the nature and extent of the veterans' preference. Is a veteran to be preferred only if all things are "equal and comparable" between applicants? Are things ever truly "equal and comparable" between applicants when a public employer may consider subjective factors and not merely objective factors such as test scores? If the preference pertains to circumstances in which applicants are not "equal and comparable," when would this be so? How substantial would the preference be in such circumstances? Are "requisite qualifications" to be viewed in an "either/or" sense, such that an applicant is either qualified or not qualified, or are qualifications to be evaluated along a continuum, such that an applicant may be viewed as being *better* or *less* qualified than another? If the latter is the proper understanding, when would the preference apply and how substantial would it be? Are standards required to ensure that the preference is given genuine effect, or is it sufficient that courts defer to the judgments of individual public employers? Is

greater or lesser judicial scrutiny required of employment decisions implicating the veterans' preference than is required of other public employment decisions, such as those pertaining to nondiscrimination laws? The veterans' preference act is worthy of thorough review and of an authoritative interpretation that gives it practical and effective meaning. Accordingly, I would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 7, 2007

Clerk

t1204