# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 7, 2007

133274

DENNIS G. SIMPSON,
        Plaintiff-Appellee,

v

BORBOLLA CONSTRUCTION & CONCRETE
SUPPLY, INC. and CINCINNATI INSURANCE
COMPANY,
        DefendantsAppellants,
and

FLUOR CONSTRUCTORS INTERNATIONAL,
INC. and TRAVELERS CASUALTY & SURETY
COMPANY,
        Defendants-Appellees,
and

SILICOSIS DUST DISEASE & LOGGING
INDUSTRY COMPENSATION FUND,
        Defendants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133274
COA: 264106
WCAC: 04-000017

On November 8, 2007, the Court heard oral argument on the application for leave to appeal the January 25, 2007 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we VACATE the opinion of the Court of Appeals because the panel erroneously held that *Rakestraw v Gen Dynamics Land Sys, Inc,* 469 Mich 220 (2003), does not apply to the facts of this case. We AFFIRM the result reached by the Court of Appeals for the reasons stated in the Workers' Compensation Appellate Commission opinion.

WEAVER, J., concurs and states as follows:

I concur in the order vacating the Court of Appeals opinion but affirming the result of the opinion for the reasons stated in the Workers' Compensation Appellate

Commission opinion. Although I dissented in *Rakestraw v Gen Dynamics Land Sys, Inc,* 469 Mich 220, 234 (2003), my dissent in that case is not inconsistent with the order.

KELLY, J., concurs in part and dissents in part and states as follows:

I concur in that part of the order affirming the result reached by the Court of Appeals. But I dissent from the order to the extent that it vacates the Court of Appeals decision. I believe that the Court of Appeals panel correctly analyzed the issue, and I would not vacate its published opinion.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 7, 2007

t1204

Clerk